The Chancellor.
On the sixth of May, eighteen hundred and thirty-six, Stephen Wade, one of the defendants, purchased of Elisha W. Goble a lot of land and premises situated in the-city of Newark, and to secure a part of the purchase money, executed to Goble his bond and mortgage, which were subsequently assigned to Nathan Bolles, the complainant, who now files his bill of foreclosure thereon.
At the time Wade purchased the premises, they were charged with three several mortgages, one of which was executed by Goble to Frederick W. Smith for eight hundred dollars, and was assigned to the Mechanic’s Fire Insurance Company, at Newark.
While the insurance company held this mortgage, and Wade held the equity of redemption in the premises, the company became indebted to Wade upon a policy of insurance, for a *460 loss sustained by fire, and a settlement was made between them, in which Wade discharged the mortgage by allowing a credit to the amount of the loss by fire, and paying the balance.
The mortgage wa3 not cancelled, but at the request of Wade was assigned to his brother, Job Wade.
Subsequently, Stephen Wade borrowed money of Theophilus Pierson, and to secure its payment, directed his brother Job to transfer the bond and mortgage to Pierson, who now holds the same, and is therefore made a party to the bill.
On behalf of Pierson, it is insisted that he being without notice of the transaction between Stephen Wade, Job Wade and the insurance company, and having taken the bond and mortgage for its full value and in good faith, is entitled to have priority, according to the dates of the several incumbrances.
The bond and mortgage held by Theophilus Pierson, having been paid with the money of Stephen Wade, the tenant of the equity of redemption, were discharged as to all subsequent incumbrances. He purchased the debt and thereby extinguished the incumbrance on his land: Tice v. Annin, 2 John. Chan. 129: Hartshorne v. Hartshorne, 1 Green’s Chan. 349.
The assignment to Job Wade gave no greater efficacy to the bond and mortgage than they would have acquired by a delivery direct to Stephen Wade. Job Wade could not have enforced the payment of them against Stephen, nor could he claim priority against the other incumbrances.
The debt (of which the bond is the evidence) is the principal, the mortgage is the accessory. When the bond is paid, the mortgage is discharged: Jackson v. Blodget, 5 Cowen, 202; Stevenson and Woodruff v. Black, Saxton, 343.
The defendant, Pierson, as assignee, could acquire by virtue of the assignment no greater interest than was held by the assignor. All the equities existing against the assignor passed with the assignment to and against the assignee, consequently, *461 as to tbe subsequent incumbrances, be stood precisely in tbe position of Job Wade.
As against Stephen Wade, at whose request and for whose benefit tbe assignment was made, the lien of Pierson is good.
Tbe mortgage as against him, acquired new life on its transfer to Pierson, but it cannot be restored to its lost priority.
It must be postponed to tbe mortgage of tbe complainant, and also to tbe lien of tbe other incumbrances, unless they have lost their priority by something not apparent here.
Let tbe matter be referred to a master to settle tbe priorities in accordance with these views, and all further equities be reserved till the coming in of the report.
Cited in Mor. Can. and Bkg. Co. v. Fisher, 1 Stock. 697; Stout v. Vankirk, 2 Stock. 78.